UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAPLEWOOD CUSTOM MILLWORK, INC.,

    Plaintiff-Appellant,

v.                                         Case No. 06-CV-13385

UNITED STATES OF AMERICA,

    Defendant-Appellee.
                                              /

**OPINION AND ORDER DENYING PLAINTIFF'S "MOTION FOR RECONSIDERATION OF THE COURT'S DECEMBER 28, 2006 ORDER OF AFFIRMANCE"**

Pending before the court is Defendant's January 5, 2007 motion for reconsideration. Having reviewed the briefs, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(1) & (g)(2). For the reasons stated below, the court will grant Defendant's motion.

**I. STANDARD**

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration which presents the same issues already ruled upon by the court, either

expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

## II.  DISCUSSION

The court is not persuaded that Plaintiff presents a palpable defect the correction of which will result in a different disposition of this case.  Plaintiff's motion recites the same essential facts and reiterates arguments on issues the court already decided.  The motion states that the order was "the result of a palpable defect."  (Pl.'s Br. at ¶ 6.)  Nowhere does Plaintiff identify this purported defect.  Elsewhere, Plaint contends that the court's opinion and order "is premised on a palpable defect, [which] allowed the Court to assume that the IRS would be left without protection and collection options if that agency permitted a less intrusive collection effort, such as an installment payment agreement."  (*Id.* at ¶ 15.)  Again, Plaintiff fails to state what palpable defect may have misled the court.  Regurgitation of the standard for granting a motion for reconsideration and repetition of facts and arguments already considered by the court does not constitute, even if viewed charitably, a well-placed motion for reconsideration.  As such, the court must deny Plaintiff's motion.

## III.  CONCLUSION

IT IS ORDERED that Plaintiff's "Motion for Reconsideration of the Court's December 28, 2006 Order of Affirmance" [Dkt. # 12] is DENIED.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  January 12, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 12, 2007, by electronic and/or ordinary mail.

                                                    S/Lisa Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522